ALD-267                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1878
_____

IN RE:  GEORGE WILLIE BUFORD,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-14-cv-01573)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 26, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 3, 2016)
_____

OPINION*
_____

PER CURIAM

George Willie Buford, a federal prisoner who is proceeding pro se, seeks a writ of

mandamus directing the United States District Court for the Middle District of

Pennsylvania to adjudicate his civil rights claims against officials at USP Lewisburg.  For

the reasons that follow, we will dismiss the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2014, Buford filed an action under 28 U.S.C. § 1361, seeking to compel prison officials to provide him with specific housing and medical treatments. The defendants filed a motion for summary judgment on November 6, 2015. On April 15, 2016, Buford filed this mandamus petition, asking that we "compel the lower court to exercise its supervisory authority over federal actors by granting [him] an opportunity to be heard in a reasonable time and meaningful manner." Shortly thereafter, on April 25, 2016, a Magistrate Judge recommended that the District Court grant the defendants' motion for summary judgment. By order entered May 13, 2016, the District Court adopted the Magistrate Judge's Report and Recommendation, granted the defendants' motion for summary judgment, and directed the Clerk to close the case. Therefore, because Buford has received the only relief that he requested, namely, the adjudication of his claims, we will dismiss his mandamus petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").